# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DESIREE TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | 1:24-CV-02139-SEG-JCF |
| ) | |
| BOARD OF REGENTS OF THE ) | JURY TRIAL DEMANDED |
| UNIVERSITY SYSTEM OF ) | |
| GEORGIA by and on behalf of ) | |
| GEORGIA INSTITUTE OF ) | |
| TECHNOLOGY, and DAMON P. ) | |
| WILLIAMS, in his official and ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' INITIAL DISCLOSURES UNDER FED R. CIV 26(a)(1)(A)

COME NOW Defendants, Board of Regents of the University System of Georgia by and on behalf of its unit institution, the Georgia Institute of Technology ("USG"), and Damon P. Williams, in his official and individual capacities (collectively, the "Defendants"), by and through counsel, the Attorney General of the State of Georgia, and hereby makes the required disclosures as required by Local Rule 26.1 (N.D. Ga.) and Federal Rule of Civil Procedure 26(a)(1)(A) as follows:

**1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

The Board of Regents of the University System of Georgia is the legal entity capable of being sued and has been properly identified.

**2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendants are unaware of any additional parties who should be named.

**3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by defendant in the responsive pleading.**

Without waiving any defenses asserted in the Answer, Defendants submits the following:

Plaintiff was hired as an Educational Outreach Manager within the College of Engineering's Women in Engineering ("WIE") Office at the Georgia Institute of Technology ("GT") in June 2022. At the time of hire, Plaintiff's direct supervisor was Dr. Christine Valle, the Director of WIE. In September 2022, Defendant Dr. Damon Williams ("Williams") was promoted to Associate Dean on Inclusive Excellence within the College of Engineering. This position oversaw the WIE and the Director of WIE reported to Williams. Within the same month Williams was promoted, Valle informed Williams that she would resign and take early retirement effective December 31, 2022. The Human Resources Department began their search for a candidate and was responsible for filtering out the applicants who did

not meet the minimum requirements. One such requirement for this position was a Doctor of Philosophy (Ph.D).

Plaintiff and Williams met several times throughout the course of their employment together. On or about October 24, 2022 they discussed plans for Valle's departure and the additional WIE program duties they would split during the search for a new Associate Director. During this meeting, Williams asked Plaintiff if she planned on applying for the Associate Director position. Plaintiff responded affirmatively. Williams informed her the position usually required a Ph.D., but told Plaintiff he would ask HR if the degree requirement was something they ever waived for the position. At no point did Williams promise her the position during this meeting, nor did he state that he would change the requirement for a Ph.D. unilaterally. During this meeting Williams also asked if Plaintiff would like professional development and mentorship from Williams and Plaintiff responded positively. They scheduled a follow-up meeting on November 8, 2022. During this time Plaintiff performed interim duties that reflected the duties an Associate Director would have and Williams requested HR increase her salary to reflect the additional work. Plaintiff received supplemental pay from January 1, 2023 through August 31, 2023.

The parties next met on November 8, 2022. Sometime before this meeting, HR informed Williams that the Associate Director position required a Ph.D. and

they would not waive the requirement. Williams informed Plaintiff that it required a Ph.D. at this meeting and that he had no authority to waive the requirement. Williams further informed Plaintiff that if she was not applying for the role, then she was eligible to sit on the search committee to select the Associate Director. Plaintiff was upset the role required a Ph.D., but applied anyway. During this meeting Williams encouraged her to apply for Ph.D. programs to advance her career generally. On November 10, 2022, Plaintiff applied for the Associate Director position online. In her application, she incorrectly labelled her current job title. HR did not select her application to move forward to the search committee because she did not meet the minimum qualifications.

Plaintiff and Williams attended a meeting with other employees of Georgia Tech on December 1, 2022. At this meeting, Williams noticed Plaintiff looked pale and asked if she was sick. He informed Plaintiff he was worried she had COVID and that if she was sick she needed to go home. Plaintiff told Williams she wasn't wearing makeup. Later during this meeting, Williams worked on an important email to a program donor when someone announced there were sandwiches outside the meeting room. As he was focused on this email, he asked if Plaintiff would mind grabbing a sandwich since everyone was getting up to get one. She brought it to him. At the end of the meeting, Williams asked others, including Plaintiff, if he could get them any food in return.

After this meeting, Plaintiff and Williams met one on one to discuss Williams' concerns with Plaintiff's application for the Associate Director position and to further offer advice on her career trajectory as her mentor. Williams informed her that the committee would not be considering her application because her application (and others) did not meet the minimum requirements. Plaintiff was surprised she did not get the position. Williams took this time to educate Plaintiff on a number other areas in her career he felt she could improve as her mentor, including dressing professionally, having an appropriate headshot that matched other employees at GT, and expanding her career in Ph.D. programs.

The parties met again on December 7, 2022 and Plaintiff informed Williams that someone close to her had died. Williams offered his services as a pastor and mentor if she needed someone to reach out to. On December 15, 2022, the parties met with a potential donor over videoconference and Williams asked Plaintiff if she could sit next to him so they could both be seen as a united front on the camera. After this meeting, they went to a holiday lunch with several other employees and the discussion turned to working from home. Plaintiff mentioned in front of several employees that she often did work while lying in bed. Sometime later Williams referenced this when he asked her to get something done while lying in her bed at home.

On January 6, 2023, Plaintiff and Williams met in person. Plaintiff had

requested this meeting to discuss several areas she wanted to work on in the WIE program. Williams had a preference for meetings in person and would often tell other employees that information. During this meeting, Williams suggested to Plaintiff a matching algorithm for internship programs in their undergraduate engineering department. Plaintiff did not know what Williams was referring to, so as an example mentioned that it would look like the popular dating app "Tinder," but for students to match with internship programs. As part of his mentorship, the discussion turned to Williams's assertion that African-American employees have to dress and present themselves at a higher standard than their Caucasian counterparts to be taken seriously in a professional setting. He offered to have his wife, a professor at Emory University, get in touch with Plaintiff for advice about dressing professionally as a woman. They further discussed different working styles as part of their mentor/mentee relationship. This was their last one-on-one interaction.

At no point did Plaintiff express her discomfort to Williams about any statement or action he allegedly made during their employment together. However, on January 18, 2023, Plaintiff filed a Title IX complaint against Williams alleging he sexually harassed her by making unwanted comments about her appearance, looking at her suggestively on one occasion, and requesting she perform tasks unrelated to her position. After a lengthy two-day hearing, GT Title IX Investigator Holly

McDaniel found that Williams had ***not*** violated Title IX or GT's sexual harassment policy. Plaintiff filed suit on May 15, 2024.

Defendants deny that they have unlawfully discriminated or retaliated against Plaintiff. All actions taken by Defendants with respect to Plaintiff's employment were taken for legitimate, non-discriminatory, non-retaliatory business reasons. Plaintiff has not been deprived of any rights, privileges or immunities secured under the laws of the United States or the State of Georgia.

**4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Statutes:

*Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.;*

*Georgia Fair Employment Practices, O.C.G.A. § 45-19-29 et seq.;*

29 C.F.R. § 1604.11;

42 U.S.C § 1983

Cases:

*Allen v. Ambu-Stat, LLC,* 799 F. App'x 703 (11th Cir. 2020);

*Alvarez v. Royal Atl. Developers*, 610 F.3d 1253 (11th Cir. 2010);

*Avenue CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287 (11th Cir. 2013);

*Bostock v. Clayton County*, 140 S. Ct. 1731 (2020);

*Brungart v. BellSouth Telecomms., Inc.,* 231 F.3d 791, 799 (11th Cir.2000);

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998);

*Burlington Northern & Santa Fe Ry. V. White*, 548 U.S. 53, 165 L. Ed. 2d 345 (2006);

*Celotex Corp v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986);

*Clover v. Total System Serv.*, 176 F.3d 1346 (11th Cir. 1999);

*Coates v. Sundor Brands, Inc.*, 164 F.3d 1361, 1369 (11th Cir. 1999);

*Coutu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068 (11th Cir. 1995);

*Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008);

*Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232 (11th Cir. 2001);

*Dixon v. The Hallmark Cos., Inc.*, 627 F.3d 849, 856 (11th Cir. 2010);

*EEOC v. Total Sys. Servs., Inc.,* 221 F.3d 1171 (11th Cir. 2000);

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998);

*Furcron v. Mail Centers Plus, LLC,* 843 F.3d 1295 (11th Cir. 2016);

*Gupta v. Fla. Bd. of Regents,* 212 F.3d 571, 583 (11th Cir. 2000);

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993);

*Henderson v. FedEx Express*, 442 F. App'x 502 (11th Cir. 2011);

*Howard v. Walgreen Co.*, 605 F.3d 1239 (11th Cir. 2010);

*James v. City of Montgomery*, 823 F. App'x 728 (11th Cir. 2020);

*Jefferson v. Sewon America, Inc.*, 891 F.3d 911 (11th Cir. 2018);

*Jones v. UPS Ground Freight*, 683 F.3d 1283 (11th Cir. 2012);

*Kurtts v. Chiropractic Strategies Group, Inc.*, 481 Fed. Appx. 462 (11th Cir. 2012);

*Lewis v. City of Union City, Georgia*, 918 F.3d 1213 (11th Cir. 2019);

*Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249 (11th Cir. 2001);

*Little v. United Technologies*, 103 F.3d 956 (11th Cir. 1997);

*Litman v. Sec'y of the Navy*, 703 F. App'x 766, 771 (11th Cir. 2017);

*Manley v. DeKalb Cnty., Georgia*, 587 F. App'x 507 (11th Cir. 2014).

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973);

*Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999);

*Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002);

*Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 859 (11th Cir. 2020);

*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998);

*Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798 (11th Cir. 2010);

*Roberts v. Potter*, 378 Fed. Appx. 913 (11th Cir. 2010);

*Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 (11th Cir. 2011)

*Simmons v. Camden County Bd. Of Educ.*, 757 F.2d 1187, 1189 (11th Cir. 1985);

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993);

*Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361 (11th Cir. 2007);

*Tolar v. Bradley Arant Boult Commings, LLP*, 997 F.3d 1280 (11th Cir. 2021);

*Tonkyro v. Sec'y, VA*, 995 F.3d 828 (2021);

*Troupe v. DeJoy*, 861 F. App'x 291 (11th Cir. 2021);

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

*Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270 (11th Cir.2002);

*Ward v. Troup Cnty. Sch. Dist.*, 856 F. App'x 225 (11th Cir. 2021);

*Watson v. Blue Circle, Inc.*, 324 F.3d 1252 (11th Cir. 2003);

*Yelling v. St. Vincent's Health Sys.*, 82 F.4th 1329 (11th Cir. 2023)

Defendants also rely upon all other applicable statutes not herein cited, and specifically, any constitutional provisions applicable to Plaintiff's claims, any interpretations of these laws found in case law decided and applicable to Plaintiff's claims, and any administrative regulations promulgated pursuant to these statutes. Defendants reserve the right to amend and/or supplement their responses to this

Disclosure as necessary, and they anticipate the need to rely upon additional authority as this litigation progresses.

**5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information**:

>The witnesses presently known to Defendants are listed on Attachment A to this pleading. Defendants reserves the right to amend and/or supplement this response.

**6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

>At this time, Defendants have not retained any expert witnesses. Defendants will identify any experts who may be retained as required under Federal Rule of Civil Procedure 26.

**7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

>The documents presently known to Defendants are listed on Attachment B. Copies of these documents are available for inspection and copying by Plaintiff upon request to the extent that any such document set forth is not covered by

any applicable privilege such as the attorney-client privilege and/or work-product doctrine. Defendants reserves the right to amend and/or supplement this response.

8) **A computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P.34.**

Defendants are not asserting any claims for damages at this time.

9) **If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

At this time, Defendants are not aware of any person that could be liable to either party. Defendants will amend their response to this Disclosure as necessary.

10) **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

Defendants are covered by the liability insurance administered by the Georgia Department of Administrative Services, which can be found online at:

https://doas.ga.gov/sites/default/files/assets/Risk%20Management/Liability%20Insurance%20Publications%20and%20Forms/GL.pdf

Respectfully submitted this 14th day of November, 2024.

          CHRISTOPHER M. CARR    112505
          Attorney General

          BRYAN K. WEBB    743580
          Deputy Attorney General

          KATHERINE P. STOFF    536807
          Senior Assistant Attorney General

          *s/Allison M. Whitfield*
          ALLISON M. WHITFIELD    356119
          Assistant Attorney General

          *Attorneys for Defendants*

Please serve:

Allison M. Whitfield
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (470) 866-5340
Email:  awhitfield@law.ga.gov

## **ATTACHMENT A**

1. Desiree Turner, Plaintiff.

   The Plaintiff should have discoverable knowledge regarding all of her claims.

2. Damon Williams, Defendant, should have discoverable knowledge regarding all interactions, meetings, and conversations with Plaintiff giving rise to the events of this lawsuit.

3. Dr. Christine Valle, former Director of Women in Engineering, should have discoverable knowledge of discussions between Williams and Valle regarding the Director position and of Plaintiff's job responsibilities.

4. LaJauna Ellis, Assistant Director of Business Operations within College of Engineering, should have discoverable knowledge of conversations between herself and Plaintiff.

5. Joyelle Harris, Director, Women in Engineering, should have knowledge of the working relationship between Plaintiff and Williams and Plaintiff's duties as Educational Outreach Manager.

6. Chris Griffin, former Title IX Coordinator, should have knowledge of the investigation and hearing into the Plaintiff's allegations against Defendants.

7. Lakeita Servance, Educational Outreach Manager II, Bioengineering and Biosciences, would have knowledge of how Williams interacts with mentees.

8. Dr. Mitchell Walker, Associate Dean of Academic Affairs for the College of Engineering, should have discoverable knowledge of conversations he witnessed between Plaintiff and Williams.

9. Lauren Morton, Education Outreach Manager, should have discoverable knowledge of conversations she witnessed between Plaintiff and Williams; as well as conversations she had with Plaintiff's concerns.

10. Dr. Felicia Benton-Johnson, former Director of Center for Engineering Education and Diversity, should have discoverable knowledge of conversations between herself and Plaintiff.

11. Cassandra Evans, former Project Support Specialist, College of Engineering, should have discoverable knowledge of the working relationship between Plaintiff and Williams and witnessed conversations in meetings with others.

12. Ridha Sohani, former undergraduate student, should have discoverable knowledge of who was asked to take notes for Williams at a meeting.

13. Dr. Raheem Beyah, Dean of College of Engineering, should have discoverable knowledge of the search for and hiring of positions within the College of Engineering.

14. Dawn Franklin, Director of Human Resources, College of Engineering, should have discoverable knowledge the search for and hiring of positions within the College of Engineering. Can testify to admissibility of business

records, including employment and salary information of the Plaintiff.

15. Holly McDaniel, investigator and attorney at Littler Mendelson, should have discoverable knowledge regarding her investigation into the Title IX allegations against Williams.

16. Alexis Martinez, Executive Director, Equal Opportunity, Compliance, and Conflict Management, should have knowledge of the investigation and hearing into the Plaintiff's allegations against Defendants.

17. Joan F. Roach, Decision-maker/hearing officer for Title IX, should have knowledge of the investigation and hearing into the Plaintiff's allegations against Defendants.

18. Shirnelle Council, Assistant Director of Employee Relations, Human Resources, Equity & Compliance Programs- Title IX, should have knowledge of the investigation and hearing into the Plaintiff's allegations against Defendants.

19. Dr. Jacquelyn Strickland, Assistant Director, Graduate Initiatives, Center for Engineering Education and Diversity (CEED), might have discoverable information about Williams' interactions with other mentees.

20. Jamel Thompson, mentee of Williams, former student, may have discoverable information on Williams' mentorship program.

21. Gabrielle Brim, student, may have discoverable information regarding a

meeting she had with Plaintiff when Plaintiff was called to another meeting on December 1, 2022.

22. David Torello, Senior Academic Professional, Mechanical Engineering, witness to the conversations that took place between Plaintiff and Williams during a luncheon and car ride.

23. Andrea Comsa may have discoverable information regarding a sexual harassment prevention meeting on December 1, 2022.

24. Ruth Pierre, Program and Ops Manager, Industrial & Systems Engineering, may have discoverable information on her experiences as Williams' mentee.

25. James Turneur, Academic Advisor I, Industrial & Systems Engineering, may have discoverable information on Williams' mentorship program.

26. Any individual identified by Plaintiff or Defendants during discovery.

Defendants reserve the right to amend and/or supplement this list of individuals as necessary during discovery.

## **ATTACHMENT B**

DEFENDANTS' DOCUMENT LIST IN RESPONSE TO DISCLOSURE NO. 7

1. Files regarding Plaintiff's charge of discrimination as maintained by the Georgia Equal Employment Opportunity Commission;

2. Personnel files of Plaintiff;

3. Files regarding Plaintiff's Title IX complaint, investigation, and hearing;

4. Emails and documentation related to the Women in Engineering Director hiring process/decision/actions;

5. Emails and documentation between Plaintiff and Williams;

6. Policies, procedures, and/or regulations of the Defendants relating to allegations made by Plaintiff in her Complaint;

7. Any documents identified by Plaintiff or Defendants during discovery.

# CERTIFICATE OF SERVICE

I certify that on November 14, 2024, I electronically filed the foregoing **DEFENDANTS' INITIAL DISCLOSURES**, with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing, along with a true and correct copy of the same, to the following attorney of record:

James O'Brien
191 Peachtree Street, NE, Ste. 3230
Atlanta, Georgia 30303
jim@beyandassociates.com

Carla D. Aikens
CARLA D. AIKENS, P.L.C.
615 Griswold Ste. 709
Detroit, Ml 48226
carla@aikenslawfinn.com
rejanae@aikenslawfinn.com

                                                   *s/Allison M. Whitfield*
                                                 ALLISON M. WHITFIELD
                                                 Georgia Bar No. 356119
                                                 Assistant Attorney General

Allison M. Whitfield
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (470) 866-5340
Email: awhitfield@law.ga.gov